# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Eglesper Rucker, Individually and on Behalf of Others Similarly Situated<br>Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-1785 |
| On Demand Services, LLC, d/b/a United Smart Tech,<br>Defendant. | §<br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant On Demand Services, LLC ("United" or "Defendant") has a business plan that includes misclassifying workers as independent contractors and paying them on a piece-rate basis and not paying the employees overtime pay, no matter how many hours per week the employees work. This payment plan thus includes not paying an overtime premium for those hours over 40 per workweek. Defendant's failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Eglesper Rucker ("Rucker" or "Plaintiff") is one of the workers hired by Defendant as a piece-rate employee and not paid overtime pay, and brings this lawsuit against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Rucker worked for United as a cell phone repair tech from February of 2020 until April of 2022. Rucker's duties included, but were not limited to, performing phone warranty

repair work for United's customer Asurion.

2. During the time he worked for the Defendant, Plaintiff regularly worked more than 40 hours per week.

3. Defendant paid Rucker on a piece-rate basis, meaning that Plaintiff was paid a certain amount of money for each task performed, irrespective of hours worked each day or week. Defendant did not pay Rucker an overtime premium for any of the hours he worked over 40 in a workweek. Instead, Rucker was paid the same set piece rate for each task no matter how many hours he worked each week.

4. Rucker worked with numerous other individuals who were paid on a piece-rate basis. These individuals were also cell phone repair techs who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over 40 per workweek.

**Allegations Regarding FLSA Coverage**

5. Defendant On Demand Services, LLC is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

10. During each of the three years prior to this complaint being filed, Rucker and his co-workers performed repairs on cellular phones manufactured outside the state of Texas, using parts and tools manufactured outside the state of Texas.

**Plaintiff's Claims**

11. Defendant was legally required to pay Rucker and his similarly situated cell phone repair tech co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendant over 40 in any workweek.

12. Rucker worked over 40 hours in many workweeks that he worked for Defendant.

13. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendant.

14. Defendant did not pay Rucker time-and-a-half for any of the overtime hours that he worked for the Defendant. Defendant's underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendant to gain an unfair advantage in the marketplace as compared to other cell phone repair businesses that pay their employees all the money required by law.

15. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Rucker and Similarly

Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Defendant violated the FLSA by failing to pay Rucker overtime pay for hours worked over 40 per workweek.

17. Rucker has suffered damages as a direct result of Defendant's illegal actions.

18. Defendant is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

19. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying cell phone repair techs on a piece-rate basis and not paying them overtime for hours over 40. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

20. The class of similarly situated workers is properly defined as:

> **All individuals who are/were employed or engaged as cell phone techs performing warranty services for Asurion by and paid on a piece-rate basis by Defendant On Demand Services, LLC during the three-year period preceding the filing of this Complaint.**

### Defendant, Jurisdiction, and Venue

21. Defendant On Demand Services, LLC is a Texas limited liability company and an

"employer" as defined by the FLSA. Defendant may be served through its registered agent, Asif Noorani at 2693 Preston Road, Suite 1010, Frisco, Texas 75034, or wherever he may be found.

22.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## **Demand for Jury**

23.     Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.  Issuance of notice as soon as possible to all persons performing cellular phone repair work who are/were employed by and paid on a piece-rate basis by On Demand Services, LLC, d/b/a Smart Tech, during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.  Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3.  An equal amount to the overtime wage damages as liquidated damages;
4.  Judgment against Defendant that its violations of the FLSA were willful;
5.  To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6.  All costs and attorney's fees incurred prosecuting these claims;
7.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8.  For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF EGLESPER RUCKER**